## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAMPAIGN LEGAL CENTER<br>1411 K Street NW, Suite 1400<br>Washington, DC 20005<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>JUSTICE<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br><br>        Defendant. | Civil Action No. |

## COMPLAINT FOR INJUNCTIVE RELIEF

1.     This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the Department of Justice, specifically the Department of Justice components Justice Management Division and the Office of Attorney General, to produce records responsive to a February 1, 2018 FOIA request concerning the addition of a citizenship question to the 2020 Census Questionnaire. To date, the Department of Justice has not released *any* documents related to the "citizenship question," even though it sent a letter to the Commerce Department requesting its addition to the 2020 Census. Plaintiff seeks injunctive and other appropriate relief to compel defendant United States Department of Justice to disclose requested records, as required by FOIA, 5 U.S.C.§ 552.

## JURISDICTION AND VENUE

2.     This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

3.     Plaintiff Campaign Legal Center ("CLC") is a nonpartisan, nonprofit legal organization that works to strengthen American democracy at all levels of government. Among other activities, CLC engages in local, state, and federal actions to ensure the political process is accessible to all citizens, resulting in a representative, responsive, and accountable government. As part of these activities, CLC conducts research, publishes reports and articles, and regularly provides expert analysis to the media. CLC is also involved in litigation throughout the country regarding voting rights, campaign finance, redistricting, and electoral ethics. To support these efforts and to educate the public, CLC regularly seeks information under FOIA regarding federal agency decision-making.

4.     Defendant Department of Justice ("DOJ") is a department of the Executive Branch of the United States Government. The Office of Information Policy ("OIP"), the Office of the Attorney General ("OAG"), and the Justice Management Division ("JMD") are components of Defendant DOJ. Defendant DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f).

## STATEMENT OF FACTS

5.     On February 1, 2018, CLC submitted to OAG and JMD a FOIA request for records pertaining to a request by Arthur E. Gary, the General Counsel of JMD, to the Census Bureau to add a citizenship question to the 2020 Census Questionnaire. *See* Ex. 1 (Feb. 1, 2018 FOIA Letter).

6.      In particular, CLC sought (1) documents to, from, or mentioning Dr. Ron Jarmin or Dr. Enrique Lamas; and (2) documents containing the phrases "2020 census," "long form," "citizenship question," "questions regarding citizenship," "ACS," "American Community Survey," "citizen voting age population," or "CVAP," dating from January 20, 2017 to the present.

**7.**      CLC requested expedited processing because there is an "urgency to inform the public" about the "actual or alleged government activity" covered by the request and because the requested records involve "a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. § 16.5(e)(1)(iv).

8.      Since CLC's initial request, the urgency of this request has only increased. On March 26, 2018, Secretary Ross announced his decision to add a citizenship question to the 2020 Census.[1] Secretary Ross made this announcement despite a technical review by Census officials concluding that the change will be "very costly" and "harm[] the quality of the Census count."[2] Eighteen states, as well as various cities, counties, mayors, and nonprofit organizations, have filed suit against the Department of Commerce to enjoin the addition of the citizenship question. *See State of New York, et al. v. Dep't of Commerce*, No. 18-cv-2921 (S.D.N.Y. 2018). In those lawsuits,

---

[1] Memorandum from Sec'y of Commerce Wilbur Ross to Under Sec'y of Commerce for Econ. Affairs Karen Dunn Kelley on Reinstatement of a Citizenship Question on the 2020 Decennial Census Questionnaire 7 (Mar. 26, 2018) (https://www.commerce.gov/sites/commerce.gov/files/2018-03-26_2.pdf).
[2] Memorandum from John M. Abowd, Chief Scientist and Associate Director for Research and Methodology, U.S. Census Bureau, Technical Review of the Department of Justice Request to Add Citizenship Question to the 2020 Census (Jan. 19, 2018) (http://www.osec.doc.gov/opog/FOIA/Documents/AR%20-%20FINAL%20FILED%20-%20ALL%20DOCS%20%5bCERTIFICATION-INDEX-DOCUMENTS%5d%206.8.18.pdf#page=1289).

the administrative record that has been produced does not include records from the Department of

Justice. Mr. Gary's request and Secretary Ross's subsequent decision to add a citizenship question

to the 2020 Census have garnered enormous media and public interest, affecting public confidence

in the government.[3]

### A. Office of the Attorney General

9.      OAG responded to CLC's request on February 9, 2018. OAG granted CLC's

request for expedited processing, but claimed the records sought required a "search in and/or

consultation with another Office," and thus presented "unusual circumstances" under 5 U.S.C. §

552(a)(6)(B). OAG provided no "date on which a determination is expected," as required by 5

U.S.C. § 552(a)(6)(B)(i). *See* Ex. 2 (Feb. 9, 2018 OAG Response).

10.     After receiving no further communication from OAG, CLC sent a letter on May

18, 2018 requesting information about the status of the request and a prompt determination. *See*

Ex. 3 (May 18, 2018 CLC Letter).

11.     When OAG still failed to respond, CLC sent another letter on June 22, 2018

requesting information about the status of the request and a prompt determination. *See* Ex. 4

(June 22, 2018 CLC-OAG Letter).

12.     OAG contacted CLC on June 28, 2018 estimating that OAG's initial search for

documents responsive to CLC's request would be complete in approximately one month. OAG

did not indicate when their review of the responsive documents would be complete. On July 6,

---

[3] *See, e.g.*, Salvador Rizzo, *Wilbur Ross's false claim to Congress that the census citizenship question was DOJ's idea*, WASH. POST, July 30, 2018, http://www. washingtonpost.com/news/fact-checker/wp/2018/07/30/wilbur-rosss-false-claim-to-congress-that-the-census-citizenship-question-was-dojs-idea/?utm_term=.9b77d9164811; Michael Wines, *Census Bureau's Own Expert Panel Rebukes Decision to Add Citizenship Question*, N.Y. TIMES, March 30, 2018, http://www. nytimes.com/2018/03/30/us/census-bureau-citizenship.html.

2018 OAG further informed CLC that an average mid-sized expedited request requires approximately eight months to complete, an estimate that would place completion of CLC's request around October 1, 2018. *See* Ex. 5 (Email Correspondence from James Smith).

13.     OAG has far exceeded the applicable deadline for responding to the request by failing to respond within thirty working days of receipt. *See* 5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(B)(i).

14.     CLC has exhausted its administrative remedies. *See* U.S.C. § 552(a)(6)(C)(i) ("Any person making a request to any agency for records … shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.").

**B. Justice Management Division**

15.     JMD granted CLC's request for expedited processing on March 14, 2018 in a phone call between Karen McFadden of JMD and Danielle Lang of CLC. JMD promised to quickly provide responsive documents on subsequent phone calls on April 26 and May 31, 2018, but did not provide a date on which it expected to produce such responsive documents.

16.     When JMD failed to provide any additional information, CLC sent a letter on June 22, 2018 requesting information about the status of the request and a prompt determination. *See* Ex. 6 (June 22, 2018 CLC-JMD Letter).

17.     To date, CLC has received no further response from JMD.

18.     JMD has far exceeded the applicable deadline for responding to the request by failing to respond within twenty working days of receipt. *See* 5 U.S.C. § 552(a)(6)(A)(i).

19.     CLC has exhausted its administrative remedies. *See* U.S.C. § 552(a)(6)(C)(i) ("Any person making a request to any agency for records … shall be deemed to have exhausted

his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.").

## CAUSE OF ACTION

**Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records**

20.     Plaintiff repeats and alleges paragraphs 1-19.

21.     Defendant's failure to make available complete records sought by CLC's request violates FOIA, 5 U.S.C. § 552(a)(3)(A).

22.     Defendant has failed to make a determination with respect to Plaintiff's request within either twenty or thirty working days as required by 5 U.S.C. § 552(a)(6)(A)(i) and 5 U.S.C. § 552(a)(6)(B)(i).

23.     Plaintiff has exhausted its administrative remedies. *See* 5 U.S.C. § 552(6)(C)(i).

24.     Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents. *See* 5 U.S.C. 552(a)(B)(4) ("On complaint, the district court … has jurisdiction to enjoin the agency from withholding agency records.").

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Order Defendant DOJ to disclose all responsive records not exempt from disclosure;

B.     Order Defendant DOJ to produce a *Vaughn* index for all documents it claims are exempted from disclosure;

C.     Award Plaintiff its costs and reasonable attorneys' fees incurred in this action; and

D.     Grant such other relief as the Court deems just and proper.

Dated: July 30, 2018

By:  /s/

BUCKLEY SANDLER LLP
Adam Miller (DC Bar # 496339)
1250 24th Street NW, Suite 700
Washington, DC 20037
202-349-7958
amiller@buckleysandler.com

CAMPAIGN LEGAL CENTER
Adav Noti (DC Bar # 490714)
Danielle M. Lang (DC Bar # 1500218)
1411 K Street NW, Suite 1400
Washington, DC 20005
202-736-2200
anoti@campaignlegalcenter.org
dlang@campaignlegalcenter.org

*Counsel for Plaintiff Campaign Legal Center*