UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CAMPAIGN LEGAL CENTER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 18-cv-1771 (TSC) |
| U.S. DEPARTMENT OF JUSTICE, | ) ) ) | |
| Defendant. | ) ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's Minute Orders of October 31, 2018, and December 17, 2018, Plaintiff Campaign Legal Center and Defendant United States Department of Justice hereby submit this Joint Status Report in this Freedom of Information Act case.

The Court's Minute Order of October 31, 2018, required this Joint Status Report to include certain information as follows:

1. **Update on the Production of Justice Management Division Records.**

**JMD**

On November 2, 2018, Defendant produced to Plaintiff the 5 pages responsive to the FOIA requests made to the DOJ Justice Management Division that had been referred to the Census Bureau. On December 6, 2018, Defendant further produced to Plaintiff the 40 pages referred to the Department of Commerce.

**OIP**

On December 13, 2018, Defendant produced or withheld most of the 172 pages that had been referred to the Office of Information Policy. However, 27 pages were further referred on to other entities for review. OIP referred 8 pages to the U.S. Census Bureau, 16 pages to the Civil

Rights Division, and 3 pages to the Office of Justice Programs. Of those, Plaintiff has yet to receive any substantive response with respect to 5 pages referred to the DOJ Office of Justice Programs and 3 pages subsequently referred to the Department of Commerce by the U.S. Census Bureau.

2. **Update on Searches to Be Redone.**

The search conducted in response to Plaintiff's request was the first search OIP conducted related to this subject matter.

3. **Update on Advancement in the Queue.**

Defendant's Position: The search for Plaintiff's request is complete and OIP has begun initial processing of records located in the search. Since the search conducted in response to Plaintiff's request was the first search OIP conducted on this subject matter, Plaintiff's request is first in the queue of requests on this topic.

Plaintiff's Position: Whether the search in response to Plaintiff's request should be moved up in the queue remains relevant for purposes of determining the order in which DOJ will process FOIA requests. DOJ undoubtedly prioritizes the resources provided for processing search results so whether there are any non-expedited requests scheduled to be processed prior to Plaintiff's request remains relevant.

4. **Production Schedule for Office of the Attorney General Records.**

With respect to Plaintiff's FOIA request for records of the Office of the Attorney General ("OAG"), OIP (which handles and responds to FOIA requests for OAG records) has completed its search for potentially responsive records and has begun initial processing of the more than 3,000 items (approximately 700 documents plus attachments) that were generated by the search. Defendant is unable to determine how many pages are contained within the 3,000 items at this

time because OIP has not completed its review for responsiveness, and its computer software does not provide page counts of the documents at this stage.  After the responsiveness review is complete and the relevant documents are extracted, OIP will be able to share with Plaintiff the number of responsive pages that were generated by the search.

Defendant's Position: Defendant proposes to complete its production of non-exempt responsive records by April 30, 2019.  This three-month period is necessary given the volume of the items returned by the search and the likelihood that that numerous other components and/or agencies will need to review potentially responsive records before OIP can finalize its disclosure determinations, as well as the lingering effects of the 35-day long lapse in appropriations which prevented Defendant from working on this matter for over a month.  A further effect of the lapse in appropriations has been the compounding effect of new FOIA requests and litigation filed during the 35-day lapse, and rescheduling of Defendant's litigation obligations in other matters, originally calendared for January and February, stretching Defendant's resources even further.

Additionally, Defendant disagrees with Plaintiff's characterization of how long it should take OIP to process these records.  As discussed above, there are approximately 700 documents – totaling over 3,000 items when accounting for attachments – within the search results, and that figure does not account for documents that may be dozens or hundreds of pages in length.  Below, Plaintiff makes an apples-to-oranges comparison by providing handpicked sources to suggest average document review time in the e-discovery context while eluding the fact that the FOIA review process is entirely distinct from civil discovery.  When reviewing documents in the FOIA context, Defendant must not only review for responsiveness, but also the applicability of nine different statutory exemptions under the FOIA.  One out of those nine statutory exemptions, Exemption 5, 5 U.S.C. § 552(b)(5), covers the civil discovery privileges, so following Plaintiff's

logic, Defendant's processing time should be, at a minimum, eight times as long.  This timeframe does not consider the consultation process required by DOJ's FOIA regulations.  *See* 28 C.F.R. § 16.4(d)(1).  Records that are ultimately deemed responsive once OIP completes its review of these thousands of search items must then be reviewed by other DOJ components and federal agencies having equities in the records.  Because of the necessity of this multi-tiered review process, Defendant proposes the April 30, 2019, production deadline above and believes that Plaintiff is unreasonably minimizing the amount of work required to complete its production on Plaintiff's request.

Moreover, DOJ has a decentralized system of responding to FOIA requests, with each component maintaining and processing its own records.[1]

Below, Plaintiff cites to its brief in its related litigation against the DOJ's Civil Rights Division, claiming inadequacies in that search.  Whether that is the case, the adequacy of a search performed by another DOJ component has no bearing on how OIP conducts searches or processes records on behalf of the senior leadership offices.  Further, if asked, OIP would be amenable to discussing its search with Plaintiff.

Plaintiff's Position: Plaintiff cannot accept further delay in response to the FOIA request that DOJ agreed to process on an expedited basis almost one year ago.  DOJ has already greatly exceeded statutory deadlines to provide a determination with respect to responsive documents.  A typical review of 3,000 documents, not including consultation with other departments, would take *one* attorney approximately one and a half weeks.[2]  DOJ's proposed timeframe of three

---

[1] With the exception of OIP, which process records on behalf of the six senior leadership offices of DOJ, the Offices of the Attorney General, Deputy Attorney General, Associate Attorney General, Legal Policy, Legislative Affairs, and Public Affairs.

[2] In a typical review of moderate complexity, an attorney can review approximately 50 documents per hour.  *See* Barry Schwartz & Lisa Prowse, *Answering Your Questions on*

months therefore contains considerable delay and is unreasonably long.  Further, the suggestion that it will take eight times as long for Defendant to review the documents for each statutory exemption under FOIA demonstrates a desire to delay production for as long as possible.

Further, Plaintiff has received no information regarding the search conducted by DOJ. Given that searches performed by DOJ in parallel litigation were inadequate and productions had to be updated throughout, Plaintiff is concerned that DOJ's requested production deadline will lead to still greater delay in final resolution of this matter.[3]  The 2020 Census is a matter of critical importance with impending deadlines.  The 2020 Census Questionnaire must be finalized before printing begins in June of this year.[4]

As Plaintiff recognizes that DOJ will require a reasonable amount of time to review the records and potentially consult with other agency components, Plaintiff proposes that DOJ complete its production of these documents by March 15, 2019.

5. **Proposed Status Conference Date.**

Defendant's Position: Defendant proposes that the Court schedule a status conference for

---

*Document Review*, BIA (Oct. 30, 2017), https://www.biaprotect.com/resources/resource/answering-your-questions-on-document-review; Chris Egan & Glen Homer, *Achieve Savings by Predicting and Controlling Total Discovery Cost*, THE METROPOLITAN CORPORATE COUNSEL, Dec. 2008, at 8, http://ccbjournal.com/pdf/2008/December/08.pdf.  At that pace, a *single* attorney could complete the review in approximately 60 hours, far less than the three months proposed by DOJ.

[3] *See* Reply ISO Plaintiff's Cross-Mot. for Summ. J. and Opp'n to Defendant's Mot. for Summ. J. at 7-9, *CLC v. DOJ*, No. 18-1187, (D.D.C. October 24, 2018) (ECF No. 20).  In that case, DOJ originally indicated it would not release any documents, then released a limited number over seven months later, and then released still more (including some that it indicated it had previously "inadvertently overlooked") over a month after that. *Id.*

[4] *See* Defendant's Mot. to Stay Further Proceedings at 3, *New York v. U.S. Dep't of Commerce*, No. 18-2921, 2019 WL 190285 (S.D.N.Y. Jan. 15, 2019) (ECF No. 540); 2020 CENSUS OPERATIONAL PLAN 97 (Dec. 2018), https://www2.census.gov/programs-surveys/decennial/2020/program-management/planning-docs/2020-oper-plan4.pdf.

May 14, 2019, which is two weeks after Defendant anticipates completing its processing of Plaintiff's request for OAG records.  The parties should confer prior to that status conference and propose a summary judgment briefing schedule on May 10, 2019.  It would not be productive to enter a briefing schedule while Defendant is in the process of reviewing and producing documents.

Plaintiff's Position:  At the last status conference in October, 2018, the Court expressed concerns about the pace and completeness of DOJ's production of documents and directed the parties to schedule the next status conference for early January.  That did not happen because of the government shutdown, further delaying resolution of this matter.  This case has been pending for nearly a year and involves a time-sensitive matter of critical national importance.  Further delays must be avoided.  Plaintiff proposes that, subject to the Court's availability, the status conference take place on or before February 22, 2019.

This schedule would result in a February 19, 2019 deadline for the parties to submit a proposed briefing schedule on the motion for summary judgment.  There is no reason to wait until after the production is complete to even set the briefing schedule, as DOJ proposes.  That will only result in further delay.  And there is no doubt DOJ will redact or withhold some documents, requiring the Court to resolve the dispute.  Given that the Court will set a production schedule, there is no additional information needed to set the briefing schedule.

Dated: February 15, 2019            Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　   /s/ Adam Miller_____
　　　　　　　　　　　　　　　　　　　　　　　BUCKLEY LLP
　　　　　　　　　　　　　　　　　　　　　　　Adam Miller (DC Bar # 496339)
　　　　　　　　　　　　　　　　　　　　　　　1250 24th Street NW, Suite 700
　　　　　　　　　　　　　　　　　　　　　　　Washington, DC 20037
　　　　　　　　　　　　　　　　　　　　　　　202-349-7958
　　　　　　　　　　　　　　　　　　　　　　　amiller@buckleyfirm.com

CAMPAIGN LEGAL CENTER
Danielle M. Lang (DC Bar # 1500218)
1411 K Street NW, Suite 1400
Washington, DC 20005
202-736-2200
dlang@campaignlegalcenter.org

*Counsel for Plaintiff*


JESSIE K. LIU, D.C. BAR # 472845
United States Attorney

DANIEL F. VAN HORN, D.C. BAR #924092
Chief, Civil Division

By:   /s/ *Paul Cirino*
PAUL CIRINO
Assistant United States Attorney
Civil Division
U.S. Attorney's Office for the District of Columbia
555 Fourth Street, N.W.
Washington, D.C.  20530
Phone: (202) 252-2529
Fax: (202) 252-2599
paul.cirino@usdoj.gov

*Counsel for Defendant*