# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAMPAIGN LEGAL CENTER, )<br>)<br>)<br>  Plaintiff, )<br>v. )<br>)<br>U.S. DEPARTMENT OF JUSTICE, )<br>)<br>  Defendant. )<br>_____) | Civil No. 18-cv-1771 (TSC) |

## JOINT STATUS REPORT

Pursuant to the Court's February 19, 2018 Minute Order, Plaintiff Campaign Legal Center ("CLC") and Defendant United States Department of Justice ("DOJ") hereby submit this Joint Status Report regarding their proposed briefing schedule in this Freedom of Information Act ("FOIA") case.

This case stems from CLC's February 1, 2018 FOIA requests to two DOJ components, the Justice Management Division ("JMD") and the Office of the Attorney General ("OAG"), for records pertaining to a request letter sent by JMD's General Counsel to the Census Bureau in which DOJ asked that a question about citizenship status be added to the 2020 Census Questionnaire.

**I. Status of DOJ's Response to CLC's Requests, DOJ's Position, and DOJ's Proposed Briefing Schedule:**

As previously reported, the Justice Management Division substantially completed its response to Plaintiff's request on December 13, 2018. However, CLC has yet to receive any substantive response with respect to 8 pages referred by JMD to other agencies or DOJ components. On March 29, 2019, DOJ's Office of Information Policy completed its response regarding records of the Office of the Attorney General ("OAG"). Altogether, DOJ has produced

260 pages with redactions and withheld entirely 93 pages pursuant to FOIA Exemption 5.

Despite CLC's assertions below, OIP has moved to process CLC's FOIA request with all deliberate speed.[1] As reflected in the initial Joint Status Report on September 28, 2018, OIP informed the Court and CLC of a technical issue requiring the remediation of searches conducted in response to FOIA requests which predated CLC's request. OIP informed the Court that its best estimate was one to three months to complete remediation before it could initiate the search in this case. Acknowledging the fact that OIP would likely not be able to complete its search, the Court's October 31, 2018 Minute Order ordered the parties to provide a further status report on December 17, 2018, addressing various topics. Fortunately, by December 17, 2018, OIP reported to the Court and CLC that its search was ahead of schedule and would be completed in one week.

The Court ordered a further status report on January 5, 2019. However, DOJ was generally prohibited from working from December 22, 2018, to January 25, 2019, due to a lapse in appropriations from Congress. At the next status report on February 15, 2019, OIP reported to the Court that its search generated over 3,000 potentially responsive items. Given the volume of documents located, the consultation process required by DOJ's FOIA regulations, and other competing litigation obligations, DOJ requested a production deadline of April 30, 2019. On February 19, 2019, this Court ordered OIP to complete its production of non-exempt responsive records by March 29, 2019, and, as Plaintiff concedes, OIP met this court-ordered deadline.

DOJ proposes that its motion for summary judgment be due by May 17, 2019. CLC's opposition and cross-motion for summary judgment would be due by June 14, 2019, DOJ's reply

---

[1] OIP is responsible for processing FOIA requests seeking records from within the Office of Information Policy ("OIP") and from within six senior leadership offices of the Department of Justice, specifically OAG, Deputy Attorney General ("ODAG"), Associate Attorney General ("OASG"), Legal Policy ("OLP"), Legislative Affairs ("OLA"), and Public Affairs ("PAO").

and opposition to the cross-motion would be due by July 12, 2019, and CLC's reply in support of the cross-motion would be due by July 26, 2019. DOJ believes that this is a reasonable briefing schedule in light of its ongoing and competing litigation obligations.[2]

As of March 29, 2019, OIP, the office responsible for processing FOIA requests on behalf of six senior leadership offices, is currently engaged in ninety-six ongoing FOIA litigation matters, approximately fifty-three of which still require records searches or document production schedules to be completed. Nineteen of these litigations were granted expedited treatment, including ten requests that pre-date CLC's request.

Moreover, despite CLC's assertions below that the issues subject to briefing "have long been known to both parties[,]" this is the first time that DOJ has learned what CLC intends to challenge in its brief. Finally, the entire processing of records located in OIP's search has only taken place in the last ten weeks, and notably, final determinations as to which exemptions OIP would assert were only made last week when DOJ issued its response. In light of the foregoing, DOJ requests that the Court adopt its aforementioned proposed briefing schedule.[3]

## II. CLC's Position and Proposed Briefing Schedule:

As the Court knows, the addition of the citizenship question to the census is a matter of critical national importance and implicates fundamental constitutional rights of numerous parties. Two separate federal courts have already determined that DOJ's request was pretextual, added at

---

[2] The undersigned counsel for Defendant is unable to prepare a summary judgment motion on or before April 19, 2019, as CLC proposes. The undersigned already has two summary judgment motions due in this Court on April 19, 2019. In the two weeks after that, the undersigned has numerous additional litigation deadlines. Counsel wants to produce a motion and supporting memorandum that assists the Court with its adjudication of this case, and sufficient time is required to do so.

[3] If the Court sets a briefing schedule for summary judgment motions, it would appear to obviate the need for the status conference currently set for April 11, 2019.

the behest of the Commerce Secretary to provide a false justification for the addition of the citizenship question.[4] Under FOIA, CLC is entitled to obtain documents relating to this issue, which are highly relevant to ongoing public debate over the census controversy. But it is critical that this matter be resolved promptly, as the census questionnaire will be finalized by June of this year. Precisely because of this urgency, the Supreme Court took the very unusual step of taking an appeal directly from the district court in the New York case about the citizenship question.[5] The case will be argued before the Supreme Court on April 23, 2019.

Two critical issues remain in dispute in this case: the adequacy of DOJ's document searches and the validity of its Exemption 5 claims. Both issues have been known to the parties for months. CLC respectfully submits that DOJ's proposed summary judgment briefing schedule, which would continue until the end of July, is another step in DOJ's longstanding strategy to run out the clock on this matter by delaying resolution until after the census questionnaire is finalized in June. CLC's FOIA requests were filed over a year ago, and both requests were soon thereafter granted "expedited processing" status – thereby recognizing the "particular urgency to inform the public" about this "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence."[6]

Despite granting expedited processing, DOJ missed its statutory deadlines to process these FOIA requests, forcing CLC to file this lawsuit. Throughout the litigation, DOJ has delayed its searches and productions and requested numerous extensions.[7] And while it now claims to have

---

[4] *State v. Ross*, No. 18-cv-01865, 2019 WL 1052434 (N.D. Cal. Mar. 6, 2019); *Dept. of Commerce v. New York*, No. 18-cv-2921, 2019 WL 190285 (S.D.N.Y. Jan. 15, 2019), *cert. granted*, 139 S. Ct. 953 (Feb. 15, 2019).

[5] *Dep't of Commerce v. New York,* No. 19-212 (2019).

[6] 28 C.F.R. § 16.5(e)(1)(ii), (iv).

[7] At the initial status conference held over six months ago on October 31, 2018, DOJ had yet to complete processing of CLC's FOIA request to JMD or even begin processing CLC's FOIA request to OAG. Over CLC's objections, DOJ also sought and obtained an extension of time for

4

completed its productions, the adequacy of its searches is hotly disputed and likely to result in the conclusion that additional responsive documents exist but have not yet been located. Moreover, DOJ has withheld 93 documents in their entirety (and claimed dozens of partial redactions) pursuant to Exemption 5 without providing any *Vaughn* index or even identifying the type of privilege asserted (e.g. deliberative, attorney work-product, or attorney-client). Thus, the legitimacy of those claimed exemptions are also disputed. Given the timeline of events and the early determination by the Department of Justice to send the December 12, 2017 letter requesting the addition of the citizenship question, it is unlikely that many of these documents can be properly withheld under the deliberative process privilege. That is particularly the case for any documents that post-date December 12. Given the public interest in this matter, and the census schedule, there is no more time for delay.

Moreover, DOJ's lengthy proposed briefing schedule is unreasonable because the issues that will be addressed have long been known to both parties.[8] These issues also mirror those already briefed before the Court in a related FOIA case between CLC and DOJ and therefore should require less time for drafting.[9] Finally, CLC disputes DOJ's suggestion that the status conference scheduled for April 11, 2019 may be unnecessary. CLC believes the status conference will assist the court in determining an appropriate briefing schedule and elucidate the issues to be

---

its production of documents and the setting of a briefing schedule. DOJ again sought extension of the deadlines on December 17, 2018, January 7, 2019, and in the latest joint status report on February 15, 2019. These repeated delays resulted in DOJ only completing its production of OAG records on March 29, 2019, almost 14 months after the FOIA requests were made.

[8] DOJ began submitting materials with redactions made pursuant to Exemption 5 in December, 2018. CLC noted its concerns regarding DOJ's search in the parties' February 15, 2019 Joint Status Report (Doc. # 19).

[9] Campaign Legal Center v. DOJ, No. 18-1187 (D.D.C. filed May 21, 2018) (pertaining to the response by the Civil Rights Division of DOJ to the same FOIA request). The summary judgment motions in that case are fully briefed and ripe for decision.

5

briefed.

Given the amount of time that has passed since CLC's FOIA request (due to multiple delays by DOJ), the pressing deadline for finalization of census forms, and the similarity to a related case that has already been fully briefed, CLC respectfully requests that DOJ's motion for summary judgment be due by April 19, 2019, CLC's opposition and cross-motion be due by May 3, 2019, DOJ's reply and opposition to the cross-motion be due by May 10, 2019, and CLC's reply in support of the cross-motion be due by May 17, 2019.

Dated: April 5, 2019                     Respectfully submitted,

                                                                                     /s/ Nadav Ariel_____
BUCKLEY LLP
Adam Miller (DC Bar # 496339)
Nadav Ariel (DC Bar# 1023141)
1250 24th Street NW, Suite 700
Washington, DC 20037
202-349-7958
amiller@buckleyfirm.com
nariel@buckleyfirm.com

CAMPAIGN LEGAL CENTER
Danielle M. Lang (DC Bar # 1500218)
1411 K Street NW, Suite 1400
Washington, DC 20005
202-736-2200
dlang@campaignlegalcenter.org

*Counsel for Plaintiff*


JESSIE K. LIU, D.C. BAR # 472845
United States Attorney

DANIEL F. VAN HORN, D.C. BAR #924092
Chief, Civil Division

        /s/ Paul Cirino
PAUL CIRINO
Assistant United States Attorney
District of Columbia

555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 252-2529
Fax: (202) 252-2599
paul.cirino@usdoj.gov

*Counsel for Defendant*