UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CAMPAIGN LEGAL CENTER, )
)
)
Plaintiff, )
v. ) Case No. 18-cv-1771 (TSC)
)
U.S. DEPARTMENT OF JUSTICE, )
)
)
Defendant. )
)

**DECLARATION OF MICHAEL H. ALLEN**

I, Michael H. Allen, declare the following to be true and correct:

1. I am the Deputy Assistant Attorney General for Policy, Management and Planning (DAAG/PMP), Justice Management Division (JMD), United States Department of Justice (DOJ). JMD is the principal organizational unit responsible for management and administrative support in DOJ. Much of the work of JMD is internal facing and works to make sure that the infrastructure is in place so that all other components of the DOJ can complete the more visible DOJ work. Under the direction of the Assistant Attorney General for Administration (AAG/A), JMD provides DOJ-wide policy guidance to the DOJ's offices, boards, divisions and, to a limited extent, its bureaus. JMD has four key areas of responsibility: fiscal responsibility; human resources management; information resources and management policy; and management and planning.

2. I have held the position of DAAG/PMP since October 2004. In my official capacity I oversee JMD staffs responsible for Freedom of Information Act (FOIA) processing and the applicability of FOIA exemptions. Due to the nature of my official duties, I am

1

familiar with JMD's obligations under FOIA, including application of the various exemptions.

3. The statements contained in this declaration are based upon my personal knowledge and information made available to me in the performance of my official duties, my review of the records in question, and conclusions reached in accordance therewith.

4. JMD submits this declaration in support of the DOJ's motion for summary judgment and to set forth the basis for JMD's withholding of certain information pursuant to FOIA exemptions.

### Plaintiff's Request

5. JMD received Plaintiff's FOIA request dated February 1, 2018, for records pertaining to a citizenship question on the 2020 Census questionnaire, including any documents to, from, or mentioning Dr. Ron Jarmin or Dr. Enrique Lamas, and any documents containing the phrases: "2020 census," "long form," "citizenship question," "question regarding citizenship," "ACS," "American Community Survey," "citizen voting age population," or "CVAP."

### JMD's Response

6. The JMD FOIA office assigned this request JMD FOIA #110900 and granted the request expedited review.

7. Arthur Gary, the General Counsel of JMD, conducted a manual search of his emails for responsive records, using the search terms listed in the request. The time period searched was January 20, 2017 to April 13, 2018, the date of the search. Based on the knowledge of officials familiar with the matter, it was determined that no other custodians would

have responsive material that would not already be captured by the search of Mr. Gary's emails.

8. JMD reviewed the records for responsiveness and also determined that some records originated with or were of primary interest to another Department component. Accordingly, JMD referred records relating to leadership offices to the Office of Information Policy (OIP) and records relating to the Civil Rights Division to the FOIA office of the Civil Rights Division. JMD also consulted with the FOIA offices of the Census Department and the Department of Commerce regarding responsive records that originated with those agencies. Based on JMD's review and the recommendations received through the consultation process, JMD determined that some limited information could be withheld as exempt from disclosure under FOIA Exemptions (b)(5) and (b)(6).

9. On October 5, 2018, JMD released 71 pages to Plaintiff with some redactions under FOIA Exemptions (b)(5) and (b)(6). On November 2, 2018, JMD released five pages to CLC with some redactions under Exemption (b)(5). On December 6, 2018, JMD released 40 pages to Plaintiff with some redactions under Exemptions (b)(5) and (b)(6). On May 7, 2019, JMD released three pages that had been previously released with some of the redactions lifted. As noted in the Vaughn Index, five draft letters attached to responsive emails were withheld in full.

## Explanation of Withheld Material

10. As set forth in the attached Vaughn Index, the majority of the information withheld was withheld pursuant to Exemption (b)(6). *See* 5 U.S.C. § 552(b)(6). Exemption (b)(6)

protects material the release of which "would constitute a clearly unwarranted invasion of the personal privacy." 5 U.S.C. § 552(b)(6).

11. When withholding information pursuant to Exemption (b)(6), JMD is required to balance the privacy interests of the individuals mentioned in the documents against any public interest in disclosure. In making this analysis, the FOIA public interest considered in the balance is limited to information which would shed light on the government's performance of its mission, while the privacy interest considered takes into account whether a disclosure would invade the personal privacy of individuals.

12. The information withheld pursuant to Exemption (b)(6) falls into two broad categories: (1) contact information of individuals employed by DOJ; and (2) contact information of individuals who are not employed by DOJ but who contacted a DOJ employee, for the most part members of the press.

13. The release of information to the public of contact information for these employees could lead to unwanted inquires or possible harassment. There is a strong interest in maintaining the privacy of certain employees who are representing the government in cases of divided public opinion and heightened interest. Further, the privacy interest in protecting the employee contact information far outweighs the public interest in the disclosure.

14. In determining whether to withhold this information, JMD balanced the privacy interests against the public's interest in disclosure of this information. JMD determined that the contact information discussed above would not materially increase the public's understanding of JMD's operations and activities. Accordingly, JMD concluded that the privacy interest outweighs any public interest in disclosure of this information.

15. In addition, there is no public interest in disclosing the contact information of individuals who are not government employees. Such information would not inform the public about the operation or activities of the Department. Thus, disclosing these details would constitute an unwarranted invasion of the privacy interests of these individuals. Accordingly, JMD concluded that the privacy interest outweighs any public interest in disclosure of this information.

16. JMD carefully reviewed the emails and redacted pursuant to Exemption (b)(6) only that information for which the public's interest in disclosure was outweighed by the privacy interests implicated. JMD conducted a line-by-line review of the responsive documents and released those portions of the records that could be released consistent with this balancing test.

17. As noted in the Vaughn Index, one email had portions redacted under Exemption (b)(5) and five draft letters attached to responsive emails were withheld in full. Exemption (b)(5) of the FOIA exempts from mandatory disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Exemption (b)(5) encompasses, *inter alia*, documents protected by the attorney-client privilege, the attorney work-product privilege, or the deliberative process privilege.

18. The information redacted pursuant to FOIA Exemption (b)(5) addressed material protected by the deliberative process privilege—namely, inter-agency discussions between Department of Commerce and Department of Justice employees related to agency decision-making. The draft letters were only shared internally within the Department of Justice and their release would harm the deliberative process by chilling

the free and open communications necessary for DOJ employees to consider various options and make decisions. Releasing drafts would reveal agency predecisional thought processes.

19. The deliberative process privilege is intended to protect the decision-making processes of government agencies from public scrutiny in order to enhance the quality of agency decisions. If pre-decisional, deliberative communications and drafts are routinely released to the public, federal government employees would be much more cautious in their communications with each other and in providing all pertinent information and viewpoints to agency decision-makers in a timely manner. This lack of candor would seriously impair the government's ability to foster the forthright, internal discussions necessary for efficient and proper decision-making.

20. Release of the withheld information would cause the foreseeable harm of discouraging and ultimately chilling inter-agency discussion and decision-making, the exact harms that the deliberative-process privilege is intended to prevent.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this __7__ day of May, 2019.

Michael H. Allen

**Campaign Legal Center v. DOJ, No. 18-1771 (TSC) (D.D.C.)**
*Vaughn* Index

| JMD Bates Number | Title | Description | Pages | Date | Applicable Exemptions |
|---|---|---|---|---|---|
| JMD0003 | ACS Questions: DOJ | Email from Arthur Gary to Barry Robinson stating that the attached letter is on its way by regular mail. | 1 | 3/7/2017 | (b)(6) Although this email address for Barry Robinson was initially withheld, it has been released in subsequent documents produced (for example JMD0077). JMD is no longer claiming Exemption 6 for this email address. |
| JMD0005 | FW: ACS Questions: DOJ | Email from Arthur Gary to Lee Lofthus and Michael Allen forwarding the Email at JMD0003. | 1 | 3/8/2017 | Same as above. |
| JMD0042 | From Washington Post Editorial Board | Email from Stephen Stromberg to Arthur Gary | 1 | 1/2/2018 | (b)(6): the cell phone number of a reporter who is contacting the Department of Justice. There is no public interest in disclosure of this information as FOIA public interest is limited to information which would shed light on the government's performance of its mission. |
| JMD0044 | 2020 census | Email from Stephen Kruger to Arthur Gary | 1 | 2/14/2018 | (b)(6): the email address of an individual who is contacting the Department of Justice. There is no public interest in disclosure of this information as FOIA public interest is limited to information which would shed light on the government's performance of its mission. |
| JMD0045 | From NPR reporter (6pm ET deadline) | Email from Hansi Wang to Arthur Gary | 1 | 3/8/2018 | (b)(6): the email address and phone number of reporter who is contacting the Department of Justice. There is no public interest in disclosure of this information as FOIA public interest is limited to information which would shed light on the government's performance of its mission. |
| JMD0046 | media request (on deadline) | Email from Gabriel Arena to Arthur Gary | 1 | 4/3/2018 | (b)(6): the email address and phone number of reporter who is contacting the Department of Justice. There is no public interest in disclosure of this information as FOIA public interest is limited to information which would shed light on the government's performance of its mission. |

**Campaign Legal Center v. DOJ, No. 18-1771 (TSC) (D.D.C.)**
*Vaughn* **Index**

| | | | | | |
|---|---|---|---|---|---|
| JMD0049 | NYT reporter//comment on 2020 census citizenship question | Email from Emily Baumgaertner to Arthur Gary | 1 | 2/13/2018 | (b)(6): the email address and phone number of reporter who is contacting the Department of Justice. There is no public interest in disclosure of this information as FOIA public interest is limited to information which would shed light on the government's performance of its mission. |
| JMD0050-JMD0051 | RE: Meeting query from the American Statistical Association | Email chain between Steve Pierson and Arthur Gary | 2 | 2/9/2018 | (b)(6): the email address and phone number of an individual who is contacting the Department of Justice. There is no public interest in disclosure of this information as FOIA public interest is limited to information which would shed light on the government's performance of its mission. |
| JMD0066 | | This is a duplicate of JMD0044 | | | |
| JMD0067 | RE: following up | Email from John Gore to Arthur Gary | 1 | 1/29/2018 | (b)(6): the email address and phone number of John Gore. This is a high profile matter and the privacy interest in this information outweighs any public interest in its disclosure. |
| JMD0084 | RE: ACS Questions: DOJ | Email from Barry Robinson to Arthur Gary | 1 | 3/23/2017 | (b)(6): the phone number of Barry Robinson. This is a high profile matter and the privacy interest in this information outweighs any public interest in its disclosure. |
| JMD0086, JMD0089, JMD0092, JMD0096 | | These are duplicates of JMD0086 | | | |
| JMD0110 | Conversation about Letter to Census | Email from Barry Robinson to Arthur Gary | 1 | 12/18/2017 | (b)(6): the phone number of Barry Robinson. This is a high profile matter and the privacy interest in this information outweighs any public interest in its disclosure. |
| JMD0111 | Messaging | Email from Barry Robinson to Arthur Gary | 1 | 12/19/2017 | (b)(5): deliberative process privilege. This is an interagency communication discussing how the Commerce Department is considering handling a matter. |

**Campaign Legal Center v. DOJ, No. 18-1771 (TSC) (D.D.C.)**
*Vaughn* Index

| | | | | | |
|---|---|---|---|---|---|
| Attachment to JMD0019 | Request for Citizenship Information.Nov29 FINAL | Attachment to Email from Arthur Gary to Michelle Allen | 4 | 11/29/2017 10:21AM | (b)(5) deliberative process privilege. This is a draft letter. |
| Attachment to JMD0020 | Request for Citizenship Information.Nov29 FINAL | Attachment to Email from Arthur Gary to Michelle Allen | 4 | 11/29/2017 2:29PM | (b)(5) deliberative process privilege. This is a draft letter. |
| Attachment to JMD0021 | Dr. Jarmin Census Bureau Letter | Attachment to Email from Michelle Allen to Arthur Gary | 3 | 11/29/2017 5:24:33PM | (b)(5) deliberative process privilege. This is a draft letter. |
| Attachment to JMD0022 | Request for Citizenship Information.Dec 11 FINAL | Attachment to Email from Arthur Gary to Michelle Allen | 3 | 12/11/2017 | (b)(5) deliberative process privilege. This is a draft letter. |
| Attachment to JMD0047 | Draft Response.Census.Honorable Vicente Gonzalez | Attachment to Email from Arthur Gary to Michael Allen | 1 | 2/13/2018 | (b)(5) deliberative process privilege. This is a draft letter. |