UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CAMPAIGN LEGAL CENTER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 18-1771 (TSC) |
| U.S. DEPARTMENT OF JUSTICE, | ) ) ) | |
| Defendant. | ) ) ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's June 1, 2020, Order, ECF No. 30, Plaintiff Campaign Legal Center ("CLC") and Defendant United States Department of Justice ("DOJ") hereby submit this Joint Status Report in this Freedom of Information Act ("FOIA") case.

**Background**

On February 1, 2018, CLC submitted a FOIA request to three DOJ components: the Civil Rights Division ("CRT"), the Justice Management Division ("JMD"), and the Office of the Attorney General seeking "all records pertaining to Arthur Gary's December 12, 2017 request to the Census Bureau to add a Citizenship question to the 2020 Census Questionnaire." ECF 29 at 4; ECF 31 at 4. CLC asked DOJ to search for "[a]ny documents to, from or mentioning Dr. Ron Jarmin or Dr. Enrique Lamas" and to search for documents containing any of the following eight search terms: "2020 Census", "long form", "citizenship question", "question regarding citizenship", "ACS", "American Community Survey", "citizen voting age population", and "CVAP." *Id.* CLC filed case 18-cv-1771 on July 30, 2018.

On June 1, 2020, the Court partly granted and partly denied each party's cross-motion for summary judgment. ECF Nos. 29, 30. The Court, among other things, (1) concluded that the

search conducted by the CRT was inadequate; (2) found that CRT improperly withheld material under the presidential communications privilege; (3) held that Defendant improperly relied on the deliberative process privilege to withhold drafts and emails related to the Gary Letter; (4) directed Defendant to determine whether the deliberative process privilege applies to a DOJ-White House email thread; (5) found that the Office of Information Policy ("OIP") improperly relied on the attorney work product privilege to withhold draft interrogatory responses; (6) directed Defendant to provide a further declaration as to whether the deliberative process privilege applied to the draft interrogatory responses; (7) held that it lacked sufficient information to determine whether the deliberative process privilege applies to other withholdings by OIP; and (8) directed JMD to provide an additional declaration to support its reliance on the deliberative process privilege regarding a "draft response" and the "Robinson-Gary Email." ECF No. 29.  The Court further ordered the parties to meet and confer and file a joint proposal for moving forward with this case by July 1, 2020.  ECF No. 30.

## **Defendant's Position Regarding Status and Further Proceedings**

1.  <u>Civil Rights Division's Supplemental Search</u>.  CRT intends to perform a supplemental search of agency records using the following search terms:  Jarmin; Lamas; "2020 census" AND citizenship; "2020 census" AND longform; "2020 census" AND "citizen voting age population;" ACS AND "2020 census;" and "American community survey" AND "2020 census."  CRT will conduct its supplemental searches with these search terms for custodians John Gore, (former) Acting Assistant Attorney General, Chris Herren, Voting Section Chief, Bethany Pickett, (former) Senior Counsel in the Office of the Assistant Attorney General (OAAG), and Ben Aguinage, (former) OAAG Chief of Staff, in CRT's census collection database.  This database contains hardcopy and electronic documents of over 28,000 documents

collected to respond to a Rule 45 subpoena, census litigation relating to the addition of the citizenship question to the 2020 census, and the Arthur Gary letter, and FOIA requests regarding the 2020 Census litigation.  Records were collected for the date range of January 20, 2017, through August 2, 2018.

Defendant anticipates setting up an appropriate search environment, running the agreed-upon searches, and performing initial scoping to remove duplicate records, non-responsive news clips, and non-responsive court pleadings.  The agency expects that it will complete the search on or before August 31, 2020, and may need to confer with Plaintiff about narrowing in light of the remaining volume of potentially responsive records.  Defendant proposes to meet and confer with Plaintiff regarding a processing and production schedule within two weeks thereafter.

In response to Plaintiff's complaints about the scope and timing of the supplemental search, CRT notes that some of Plaintiff's suggested search terms are quite broad and used in multiple contexts within the division in addition to voting matters.  For example, a search for the word "citizenship" resulted in about 8,500 hits, a search for "citizenship AND census" resulted in about 6,000 hits, and a search for "citizenship AND 2020 census" resulted in about 2,000 hits.  Obviously, if the search is not limited in this fashion, it will take much longer to review the broader search results.  CRT believes that its proposed supplemental search is directed to identifying the records sought in Plaintiff's request and allowing the agency to complete its response within a reasonable amount of time.

2.      Drafts of the Gary Letter.  Defendant is reviewing the Court's ruling that the deliberative process privilege does not apply to the drafts and email correspondence relating to a December 12, 2017, letter from Arthur Gary to Dr. Ron Jarmin.  Defendant is considering whether to appeal the Court's ruling to the D.C. Circuit and will make a decision on or before

July 31, 2020. *See* Fed. R. App. P. 4(a)(1)(B)(ii). Should Defendant decide not to appeal the Court's ruling, Defendant proposes to produce these records on or before August 31, 2020.

       3.     <u>Presidential Communications Privilege</u>. Defendant is reviewing the Court's ruling that the presidential communications privilege does not apply to 23 pages of email correspondence between DOJ attorneys and White House staff. Defendant is considering whether to appeal the Court's ruling to the D.C. Circuit and will make a decision on or before July 31, 2020. *See* Fed. R. App. P. 4(a)(1)(B)(ii).

      Should Defendant decide to not appeal the Court's ruling, reprocessing of these records will require consultation with several other offices that have equities in them, pursuant to Department regulations. *See* 28 C.F.R §16.4(d). Accordingly, Defendant will be unable to complete this required consultation process by August 14, 2020, as Plaintiff proposes, in part due to the continued effects the current pandemic is having on government operations. Defendant anticipates that it would be able to complete reprocessing of these records by September 30, 2020. Additionally, as the Parties both contemplate renewed motions for summary judgment, Defendant believes that it is premature to prepare a Vaughn Index specific to these records before the Court has set a briefing schedule.

       4.     <u>Deliberative Process Privilege</u>. Defendant intends to review the applicability of the deliberative process to the DOJ-White House email thread, the draft interrogatory responses, the "draft response," the "Robinson-Gary Email," and the other withholdings that the Court concluded were not sufficiently justified. At this time, Defendant anticipates that it will file a renewed motion for summary judgment at the appropriate time to address the withholdings that it determines are exempt under FOIA Exemption 5 and the deliberative process privilege.

5. <u>Further Proceedings</u>.  Defendant proposes that CRT complete its search on or before August 31, 2020, and confer with Plaintiff within two weeks thereafter regarding a processing and production schedule.  Once that production is complete, the parties shall submit a Joint Proposed Briefing Schedule for renewed cross-motions for summary judgment to address any remaining issues.  In the meantime, Defendant proposes that the parties file a further Joint Status Report on August 1, 2020, apprising the Court of the status of the above items and including a joint proposal on further proceedings.

A proposed order by DOJ is attached as Exhibit A.

### Plaintiff's Position Regarding Status and Further Proceedings

1. <u>Civil Rights Division's Supplemental Search</u>.  Defendant's proposed search terms reflect a blatant attempt to circumvent this Court's ruling.  This Court ruled that DOJ's use of a single search term, "census", was "inadequate" and "not 'reasonably calculated to uncover all relevant documents." ECF 29 at 10; ECF 31 at 9.  Nevertheless, Defendant has now proposed to move forward with an ***even more restrictive search***. Defendant's proposal would replace "census" with "2020 census."  Then, adding insult to injury, Defendant is proposing to only run Plaintiff's proposed search terms *in conjunction* with the term "2020 census" rather than independently (with two minor exceptions).  In other words, documents will only hit on Defendant's search terms if they contain *both* the single term "2020 census" *and* one of CLC's other search terms.  Defendant's proposal is patently unreasonable and inconsistent with the Court's summary judgment rulings.

Plaintiff proposes that Defendant run CLC's proposed search terms, and that it be required to report its results (after removing duplicate records, non-responsive news clips, and

5

non-responsive court pleadings) on or before July 27, 2020, with a meet-and-confer to address the production schedule to occur within one week thereafter.

CLC submitted its original FOIA request almost two and a half years ago and filed case 18-cv-1771 almost two years ago on July 30, 2018.  A reasonable search by the Civil Rights Division for responsive document is thus long overdue. Moreover, this FOIA request concerns an issue of significant public interest concerning the Administration's decision-making process relating to the census, a time-sensitive subject given the upcoming election.  Therefore, CLC should not be forced to accept further undue delay in DOJ's compliance with the Court's rulings.

2. <u>Drafts of the Gary Letter</u>. Plaintiff recognizes that Defendant is considering whether to appeal the Court's ruling with respect to this category of documents to the D.C. Circuit and will make a decision on or before July 31, 2020.  *See* Fed. R. App. P. 4(a)(1)(B)(ii). Accordingly, Plaintiff proposes, that absent an appeal, this Court issue a deadline for Defendant's production of these documents by August 14, 2020.

3. <u>Presidential Communications Privilege</u>.  Plaintiff recognizes that Defendant is considering whether to appeal the Court's ruling with respect to this category of documents to the D.C. Circuit and will make a decision on or before July 31, 2020.  *See* Fed. R. App. P. 4(a)(1)(B)(ii).  Accordingly, Plaintiff proposes, that absent an appeal, this Court issue a deadline for Defendant's production of DOJ-White House communications not covered by the deliberative process privilege by August 14, 2020 and the production of a Vaughn Index with respect to DOJ-White House communications that DOJ contends are covered by the deliberative process privilege by August 14, 2020.

4. <u>Deliberative Process Privilege</u>. In order to avoid piecemeal litigation, Plaintiff intends to wait until Defendant completes its supplemental search for responsive documents to

propose a deadline for Defendant to supplement its support for its claim that the deliberative process privilege applies to the draft interrogatory responses, the "draft response," the "Robinson-Gary Email," and the other withholdings that the Court concluded were not sufficiently justified.

5. <u>Further Proceedings</u>. Plaintiff proposes that CRT complete its search on or before July 27, 2020, and confer with Plaintiff within one week thereafter regarding a production schedule. Once that production is complete, the parties shall submit a Joint Proposed Briefing Schedule for renewed cross-motions for summary judgment to address any remaining issues. In the meantime, Plaintiff agrees with Defendant that the parties file a further Joint Status Report on August 1, 2020, apprising the Court of the status of the above items and including a joint proposal on further proceedings.

A proposed order by CLC is attached as Exhibit B.

Dated: July 1, 2020 	Respectfully submitted,

	__/s/ Adam Miller_____
	BUCKLEY LLP
	Adam Miller (DC Bar # 496339)
	Nadav Ariel (DC Bar # 1023141)
	1250 24th Street NW, Suite 700
	Washington, DC 20037
	202-349-7958
	amiller@buckleyfirm.com

	CAMPAIGN LEGAL CENTER
	Danielle M. Lang (DC Bar # 1500218)
	1411 K Street NW, Suite 1400
	Washington, DC 20005
	202-736-2200
	dlang@campaignlegalcenter.org

	*Counsel for Plaintiff*

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN, D.C. BAR #924092
Chief, Civil Division

By:	/s/ *Paul Cirino*
PAUL CIRINO
Assistant United States Attorney
Civil Division
U.S. Attorney's Office for the District of Columbia
555 Fourth Street, N.W.
Washington, D.C.  20530
Phone: (202) 252-2529
Fax: (202) 252-2599
paul.cirino@usdoj.gov

*Counsel for Defendant*