UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAMPAIGN LEGAL CENTER,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 18-1187 (TSC)<br>Civil Action No. 18-1771 (TSC) |

## DECLARATION OF KILIAN KAGLE

I, Kilian Kagle, declare the following to be true and correct:

1.  I am the Chief of the Freedom of Information/Privacy Act Branch of the Civil Rights Division of the United States Department of Justice in Washington, D.C. My duties include supervision of the Freedom of Information/Privacy Act Branch of the Civil Rights Division which is responsible for processing all record access requests pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act 5 U.S.C. § 552a, which are received by the Division.

2.  I make the statements herein on the basis of personal knowledge, as well as information I have acquired in the course of performing my official duties.

3.  The Civil Rights Division's FOIA Office receives hundreds of FOIA requests and Privacy Act requests yearly, touching upon some of the most sensitive and publicized topics of the day. In addition to the FOIA and Privacy Act requests, and active litigation noted below, the FOIA attorneys are responsible for a myriad of disclosure issues in the Division including consultations with other DOJ components or other federal agencies on pending FOIA litigation

where the documents contain Civil Rights Division equities, and audits conducted by the Office of Inspector General and the General Accounting Office.

4. The Civil Rights Division's FOIA Office is comprised of two attorneys and five administrative professionals. The two full-time attorneys are dedicated to not only this case, but also seven other active FOIA litigations, three of which are on expedited document production schedules requiring the review of more than 10,000 documents in each case. In addition to the two overlapping actions brought by Plaintiff, the FOIA Office is actively working to respond to Court orders in *Brennan Center v. DOJ*, Civ. A. No. 18-1841 (ABJ) (D.D.C.) (compelling final productions by October 30, 2020 from a universe of more than 6,000 records, as well as *Vaughn* indices by November 30th); *NAACP Legal Defense and Education Fund v. DOJ*, Civ. A. No. 18-9363 (S.D.N.Y.) (compelling monthly rolling productions of 500 reviewed documents from a universe of over 11,000 records with a minimum average of four pages per document which entails review of 2,000 pages per month); *Brennan Center v. DOJ*, Civ. A. No. 20-2674 (TJK) (D.D.C.) (awaiting ruling on preliminary injunction compelling review and production of yet-to-be-determined universe of records within 30 days; the potential universe may be quite broad with four items and subparts with one item requesting "(a)ll records created on or after June 27, 2019, and related to the 2020 Census in which there is any mention of, involvement in, or communications with . . ." a lengthy list identifying the names of 49 persons and entities); and *The Protect Democracy Project v. DOJ*, Civ. A. No. 20-2810 (EGS) (D.D.C.) (awaiting ruling on preliminary injunction compelling review and production of yet-to-be-determined universe of records by an expedited date at the court's discretion). Each of these matters is deemed a priority and essential in providing information to the public concerning the November 3, 2020, General

Election as well as the protections and safeguards of voting rights. Further, each of these matters pulls from the same pool of subject matter experts within the Civil Rights Division enlisted to review that material. Additionally, these subject matter experts are currently otherwise engaged as the Voting Section within the Civil Rights Division is currently operating at its maximum capacity during these final few weeks before the upcoming General Election.

5.   The Department of Justice is currently defending and objecting to Plaintiff's motion for Preliminary Injunction compelling collection, review and production of yet-to-be identified volumes of records by November 2, 2020, in *Brennan Center v. DOJ*, Civ. A. No. 20-2674. Further, the Department of Justice is currently defending and objecting to Plaintiff's motion for Preliminary Injunction compelling collection, review and production of yet-to-be identified volumes of records in *The Protect Democracy Project v. DOJ*, Civ. A. No. 20-2810.

6.   In response to the Court's Orders in the two cases brought by Plaintiff, the Civil Rights Division conducted a supplemental search in accordance with the court's previous orders and pursuant to the Minute Order of July 7, 2020. The Division collected and assembled more than 11,000 potentially responsive records on or before August 14, 2020, as directed. In the approximately two months since the completion of the collection phase, the Civil Rights Division, specifically, my Deputy and I have reviewed approximately 2,500 documents.

7.   The Civil Rights Division has acceded to Plaintiff's subsequent priority recommendations and identified approximately 2,700 records as potentially responsive that Plaintiff has asked the Division to focus on first. Of these 2,700 priority records, the Civil Rights Division has reviewed approximately 650 to date.

8. The Civil Rights Division uses electronic review software, specifically Relativity, to review the documents potentially responsive to Plaintiff's request in these cases. With the assistance of the software's data analytics and other technology-assisted review, we were able to identify large groups of documents that were not responsive or that the parties had agreed to exclude from review. Now that the large groups of documents have been processed, our review turns to the more painstaking document-by-document review, which will involve a careful examination as to whether all or portions of a document are responsive and exempt from disclosure. This review requires us to read and understand each record and its context so that accurate determinations concerning responsiveness and applicable exemptions can be made.

9. The 2,500 documents that we have reviewed over the past two months have largely involved the materials, including court filings, news clippings, emails forwarding news clippings, news links, and other publicly available documents, that the parties have agreed to exclude from the review. Although it is difficult to determine how many of the remaining documents fall into these categories, all indication suggests that these easier categories of review have been exhausted. That is to say that the review going forward will be linear of discrete individual documents of limited family size that require more time and attention. Again, these documents will have to be carefully reviewed page by page and line by line in order to determine the responsiveness, and the applicability of exemptions, which is quite time intensive.

10. In light of the above, it would be a significant hardship on our office to process more than 300 documents each month in these cases. The Relativity software used by our office does not provide a page count, but only document counts. For 300 documents, with an average of 4 pages per document, would entail review of 1,200 pages per month (even with the

understanding that some of the records comprise 50 pages or more). If the Court were to order us to process more than 300 documents per month, it would be very difficult for us to comply with such an order as well as the other Court orders in the cases referenced above, particularly over the next three to four weeks. In addition, I am concerned that if our office were ordered to process more than 300 documents each month in these cases, we would be unable to perform our work according to professional standards without sacrificing precision or risking inadvertent disclosures.

I declare under penalty of perjury that the foregoing is true and correct.

KILIAN KAGLE
Digitally signed by KILIAN KAGLE
Date: 2020.10.14 15:21:05 -04'00'

Kilian Kagle, Chief
FOI/PA Branch
Civil Rights Division
U.S. Department of Justice
Washington, D.C. 20530

Executed on: 10/14/2020