UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CAMPAIGN LEGAL CENTER,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 18-cv-1187 (TSC)<br>)  Case No. 18-cv-1771 (TSC)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A STAY
OF DISCLOSURE OBLIGATION PENDING APPEAL**

DOJ's motion for a stay is simply the latest in its endless series of efforts to avoid its FOIA obligations. CLC requested the documents at issue, which relate to a matter of critical public concern, more than two and a half years ago. Now, DOJ has the audacity to argue that the passage of time it has manufactured actually supports its request for yet more delay. The Court should reject, not reward, DOJ's stall tactics.

DOJ cannot carry its burden of demonstrating that a stay is warranted because it does not have a substantial likelihood of reversing this Court's well-reasoned decision on appeal and allowing it to continue withholding the documents will cause great harm to CLC and the public. In these circumstances, any harm to DOJ from having to disclose the documents before its appeals are exhausted is not enough to justify the extraordinary remedy it seeks.

**ARGUMENT**

A stay pending appeal is an extraordinary remedy, "not a matter of right." *M.M.V. v. Barr*, 459 F. Supp. 3d 1, 4 (D.D.C. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 427 (2009)); *see also Cuomo v. U.S. Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985)

(describing the issuance of a stay as an "exercise of the court's extraordinary injunctive powers").  The moving party thus has the burden of justifying its request based on (i) the likelihood that the moving party will prevail on appeal, (ii) the likelihood that the moving party will suffer irreparable harm absent a stay, (iii) the likelihood that others will be harmed if the court grants a stay, and (iv) the public interest.  *Wisconsin Gas Co. v. F.E.R.C.*, 758 F.2d 669, 673-74 (D.C. Cir. 1985).  These four factors are typically evaluated on a sliding scale, such that a lesser showing on the likelihood of success requires a proportionally greater injury.  *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1291 (D.C. Cir. 2009) (citing *Davenport v. Int'l Bhd. of Teamsters*, 166 F.3d 356, 361 (D.C. Cir. 1999)); *M.M.V.*, 459 F. Supp. 3d at 4.

I.  **DOJ Has Not Demonstrated a Likelihood of Success on Appeal**

The first factor requires the moving party to show more than a mere possibility of success on appeal; instead, the likelihood of success must be "substantial."  *M.M.V.*, 459 F. Supp. 3d at 4 (citing *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977)).[1]  DOJ has not established a substantial likelihood of success on appeal; to the contrary, this Court's ruling was correct.[2]

---

[1] DOJ's assertion that a lesser standard—the presentation of a "serious legal question on appeal"—should apply is without merit.  *See* Motion at 6-7.  The D.C. Circuit has held that the "serious legal issue" standard should not be applied unless all three other factors "clearly favor" the moving party, *Davis*, 571 F.3d at 1294 (citing *Holiday Tours, Inc.*, 559 F.2d at 843), and that a failure to show likelihood of success on the merits is "an arguably fatal flaw for a stay application." *Citizens for Responsibility & Ethics in Wash.* v. *Federal Election Commission*, 904 F.3d 1014, 1019 (D.C. Cir. 2018).  However, even if the lesser standard is applied, DOJ still has not met it because, as explained in the text, the Court's decision was clearly correct.

[2] On June 1, 2020, the Court issued opinions in each of these two actions.  *See* Civ. A. No. 18-1187, ECF No. 31; Civ. A. No. 18-1771, ECF No. 29.  The portions of the opinions concerning the applicability of the deliberative process privilege to the Gary Letter materials are identical.  Therefore, for clarity and brevity, this Opposition refers to those Memorandum Opinions as "Opinion," with the page numbers corresponding to those in Civ. A. No. 18-1771, ECF No. 29.

The materials at issue are drafts of, and emails concerning, the Dec. 12, 2017 letter drafted by Arthur Gary (the "Gary Letter") of DOJ requesting that the Department of Commerce add a citizenship question to the 2020 Census Questionnaire.  That decision was extremely controversial, and the Supreme Court later held that the Gary Letter was pretextual—that the stated justification for the citizenship question in the letter was "contrived."  *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2575 (2019) ("Yet the materials before us indicate that Commerce went to great lengths to elicit the request from DOJ (or any other willing agency).").

After reviewing the record, this Court concluded that by the time the drafts of the Gary Letter were circulated, "[t]he agency's position and the reasons for the letter had already been decided," and therefore the drafts did not "help the agency make a decision, but rather were used to communicate the decision."  *See* Opinion at 14-15.  Thus, the materials did not fall within the scope of the deliberative process privilege, which must be "construed [] narrowly."  *Id*. at 15 (citing *Petroleum Info. Corp. v. Dep't of the Interior*, 976 F.2d 1429, 1434 (D.C. Cir. 1992)).

The Court's ruling was consistent with controlling precedent.  *See, e.g., In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997) ("The deliberative process privilege does not shield documents that simply state or explain a decision the government has already made[.]"); *Petroleum Info. Corp.*, 976 F.2d at 1434 ("A document is predecisional if it was 'prepared in order to assist an agency decisionmaker in arriving at his decision,' rather than to support a decision already made.") (quoting *Renegotiation Bd. v. Grumman Aircraft*, 421 U.S. 168, 184 (1975)); *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980) (explaining that a document is predecisional if "it was generated before the adoption of an agency policy"); *cf. Heartland All. for Human Needs & Human Rights v. Dep't of Homeland Sec.*, 291 F.Supp.3d 69, 80–81 (D.D.C. 2018) ("The fact that the documents are drafts and

3

contain edits does not, alone, qualify them for protection under the deliberative process privilege[.]").

Further, the cases cited by DOJ (Motion at 7) actually support CLC's position because they also show that FOIA Exemption 5 applies only to materials used to assist an agency in reaching a final policy decision, not discussions relating to how to communicate a decision already made. *See, e.g., Judicial Watch v. FDA*, 449 F.3d 141, 151 (D.C. Cir. 2006) (stating that "reflections on an already-decided policy" may not fit the form of Exemption 5, which is designed to protect the "deliberative process" but not all "deliberative material"); *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980) (rejecting the contention that documents are predecisional merely because they factor into an ongoing process).

Finally, DOJ's reliance on the ruling of the Southern District of New York relating to the Gary Letter is misplaced because, as this Court recognized, the materials at issue in that case were predecisional public messaging documents. *See* Opinion at 15 n. 5 ("Decisions about how to message agency policy to the public can be predecisional") (citing *New York v. Dep't of Commerce*, No. 18-CV-2921 (JMF), 2018 WL 4853891, *1 (S.D.N.Y. Oct. 5, 2018) ("'[M]essaging decisions can be protected by the deliberative process privilege.")). Here, however, DOJ has expressly conceded that the materials at issue were *not* "messaging documents." *See* Def. Reply, Civ. A. No. 18-1771, ECF No. 25, at 13-14, n. 8. Therefore, the ruling of the Southern District of New York is inapplicable and does not bolster DOJ's likelihood of success on appeal.

## II.     DOJ Will Not Suffer Significant Irreparable Harm

To obtain a stay, the movant must demonstrate irreparable harm that is both "certain and great." *Wisconsin Gas Co.*, 758 F.2d at 674. Moreover, where, as here, the movant has

4

demonstrated only a low likelihood of success on the merits, it must show "a proportionally greater irreparable injury." *M.M.V.*, 459 F. Supp. 3d at 4. (citing *Cuomo*, 772 F.2d at 974)

In other words, whether or not DOJ will suffer sufficient irreparable harm from denial of a stay cannot be evaluated in a vacuum; it must be considered in light of the fact that DOJ is unlikely to succeed on appeal, and the fact that continued delay in production of these documents would be harmful to the public and CLC.  In the circumstances, any harm that DOJ will suffer is insufficient to overcome the other factors that weigh against further delays in production. *D.A.M. v. Barr*, No. 20-cv-1321 (CRC), 2020 WL 5525056, *14 (D.D.C. Sept. 15, 2020) (denying TRO preventing deportation pending appeal because "petitioners are unlikely to succeed on the merits, and the balance of equities and the public interest do not 'clearly favor[ ] granting the injunction.'") (citing *Davis*, 571 F.3d at 1292).

### III.     CLC and the Public Will Be Harmed By a Stay

A stay will harm CLC and the public it seeks to serve by obtaining important information about matters of public concern.  "[W]here an obligation to disclose exists, a plaintiff may suffer irreparable harm if denied access to information that is highly relevant to an ongoing public debate." *American Immigration Council v. Dep't of Homeland Sec.*, No. 20-1196 (TFH), 2020 WL 3639733, at *4 (D.D.C. July 6, 2020) (citing *Washington Post v. Dep't of Homeland Sec.*, 459 F.Supp.2d 61, 75 (D.D.C. 2006)).

It is well settled that the public interest favors the "expedited release" of documents subject to disclosure under FOIA. *Protect Democracy Project, Inc. v. Dep't of Justice*, No. 20-2810 (EGS), 2020 WL 6381936, at *8 (D.D.C. Oct. 30, 2020) (citing *Elec. Privacy Info. Ctr. v. Dep't of Justice*, 15 F. Supp. 3d 32, 41 (D.D.C. 2014)).  This is particularly so where, as here, the requested documents relate to a matter of great public importance, such as the Census. *Franklin v. Massachusetts*, 505 U.S. 788, 818 (1992) (Stevens, J., concurring) (explaining that the Census

is "closely connected with our commitment to a democratic form of government"); *National Urban League v. Ross*, 977 F.3d 698, 702 (9th Cir. Sept. 30, 2020) (describing the Census as being of "extraordinary importance" and something in which the public must have confidence).

Given these principles, the release of the requested documents has already been delayed far too long. DOJ tries to turn the situation on its head by arguing that the passage of time makes the materials less important. Not so. The 2020 Census and its impact on the apportionment of seats in the House of Representatives, state budgets, and the configuration of electoral districts for the next ten years remains a live and exceedingly urgent issue—and one in which the public will likely be highly attuned to over the coming months, particularly in the wake of a profoundly contentious election, the results of which the DOJ has been given license to investigate. Indeed, just three days ahead of the election, another court in this district ordered the expedited production of 2020 Census-related materials in a lawsuit filed just a month earlier, reasoning that the Census remains a topic of "widespread and exceptional interest" and for which there is an "urgency to inform the public" until at least January 25, 2021—the date by which the 2020 Census and the reapportionment process will be complete. *Brennan Ctr. for Justice at NYU Sch. of Law v. Dep't of Commerce*, No. 20-2674 (TJK), 2020 WL 6381949, at *5-8 (D.D.C. Oct. 30, 2020) (Kelly, J.) (finding a high likelihood of irreparable harm if Census-related materials are not produced ahead of January 25, 2021, after which time the materials would only be of "historical value"). Thus, contrary to DOJ's assertion, the passage of time has not yet rendered the Gary Letter materials of only "historical value"; rather, it has only served to heighten the urgency of disclosure.

Moreover, DOJ's position would lead to perverse results. It has created the delay by dragging its feet throughout the two-and-a-half years that CLC has been trying to obtain these

documents, to which it is entitled.  If the Government is allowed to avoid or reduce its FOIA obligations simply by waiting for the political salience of a given matter to fade, it will undoubtedly do so at every opportunity, to the detriment of the public.  *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978) (explaining the purpose of FOIA is to "ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed") (citation omitted); *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976) ("[D]isclosure, not secrecy, is the dominant objective of the Act.").[3]

## CONCLUSION

For the foregoing reasons, CLC respectfully requests that the Court deny DOJ's motion for a stay.

---

[3] DOJ also seeks to take advantage of the fact that CLC proposed an extended briefing schedule for the appeal.  Motion at 9.  As DOJ knows, the briefing schedule was born of necessity due to the extended absence of one of the critical members of CLC's legal team.  It is disappointing that DOJ would seek to gain an advantage from such circumstances, which should have no bearing on the outcome of this issue.

Dated: November 16, 2020          Respectfully submitted,

/s/ Adam Miller_____
BUCKLEY LLP
Adam Miller (DC Bar # 496339)
2001 M Street NW, Suite 500
Washington, DC 20036
202-349-8000
amiller@buckleyfirm.com

CAMPAIGN LEGAL CENTER
Danielle M. Lang (DC Bar # 1500218)
1411 K Street NW, Suite 1400
Washington, DC 20005
202-736-2200
dlang@campaignlegalcenter.org

*Counsel for Plaintiff*

8

## **CERTIFICATE OF SERVICE**

I certify that on this 16th day of November 2020, I electronically filed the foregoing document with the Clerk of Court via ECF, which will send electronic notification of such filing to all counsel of record.

/s/ Adam Miller_____
Adam Miller

*Counsel for Plaintiff Campaign Legal Center*