UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAMPAIGN LEGAL CENTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 18-1187 (TSC) |
| ) | Civil Action No. 18-1771 (TSC) |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**REPLY IN FURTHER SUPPORT OF DEFENDANT'S
MOTION FOR A STAY OF DISCLOSURE OBLIGATION PENDING APPEAL**

Defendant United States Department of Justice respectfully submits this Reply in Further Support of Defendant's Motion for a Stay of Disclosure Obligation Pending Appeal. For the following reasons, and those set forth in Defendants' opening brief, the Court should grant this motion and stay Defendant's obligation to disclose the Gary Letter drafts and emails pending final resolution of the appeals to the United States Court of Appeals for the District of Columbia Circuit.

The relevant factors weigh decisively in favor of a stay pending appeal. With due respect to the Court's decision, Defendant has demonstrated that its position that the records at issue are protected from disclosure by Exemption 5 and the deliberative process privilege is supported by longstanding D.C. Circuit precedent. Defendant also has shown that it would suffer irreparable harm if it is obligated to disclose the Gary Letter drafts because its appeals would become moot. Finally, Plaintiff has identified no harm that it or the public would suffer if this motion is granted. For these reasons, the Court should grant this motion.

## I.      DEFENDANT HAS RAISED A SERIOUS LEGAL QUESTION ON APPEAL.

It is apparent that Plaintiff intends to argue on appeal that the Gary Letter drafts are not subject to Exemption 5 and the deliberative process privilege because, in its view, the deliberations involve a matter that had previously been decided.  Plaintiff will rely on a line of cases that support that argument.  *See* Opp.[1] at 3.  The Court relied on the same cases in granting summary judgment in favor of Plaintiff on this issue, and it is no surprise that Plaintiff believes that these cases are controlling.

However, there is well-established precedent that Defendants believe is more persuasive and that is more suited to the circumstances of this case.  This line of cases, cited in Defendants' summary judgment briefs and in its opening brief here, stands for the proposition that drafts— such as the drafts of the Gary Letter—qualify as pre-decisional because they reflect the personal opinions of the authors about appropriate revisions to the content of the letter.  *See* Def.'s Mem.[2] at 6-7.  These cases vindicate the central purpose of the deliberative process privilege, which the D.C. Circuit has described as allowing government officials to express their opinions in "a candid exchange of ideas that are necessary to produce good historical work."  *Dudman Comms. Corp. v. Dep't of Air Force*, 815 F.2d 1565, 1569 (D.C. Cir. 1987) (stating that an "author would hesitate to advance unorthodox approaches if he knew that the Department's rejection of an approach could become public knowledge" and "editors would place pressure on authors to write

---

[1]  Citations to "Opp." refer to Plaintiff's Opposition to Defendant's Motion for a Stay of Disclosure Obligation Pending Appeal, filed November 16, 2020.  Case No. 18-1187, ECF No. 42, Case No. 18-1771, ECF No. 40.

[2]  Citations to "Def.'s Mem." refer to the Memorandum of Law in Support of Defendant's Motion for a Stay of Disclosure Obligation Pending Appeal, filed November 2, 2020.  Case No. 18-1187, ECF No. 41-1, Case No. 18-1771, ECF No. 39-1.

drafts that carefully toe the party line."). Because these principles extend beyond the facts of this case, Defendant has filed an appeal to ensure that their vitality remains intact.

Not surprisingly, Plaintiff does not argue the circuit precedent supporting Defendant's position is irrelevant to the question on appeal. Instead, Plaintiff indicates disagreement with two of the cases cited by Defendant, but Plaintiff's quibbles are limited to pointing out isolated quotations in parentheticals without addressing the broader principles for which Defendant cited the cases. Opp. at 4. And even when faced with the undeniable fact that two United States District Judges have taken opposite positions on the key issue, Plaintiff refuses to acknowledge that there is a "serious question" about whether the Gary Letter drafts are covered by the deliberative process privilege. To avoid making that obvious admission, Plaintiff spins out a confusing (and incorrect) theory that Defendants somehow conceded that the Gary Letter drafts are not deliberative. Opp. at 4. The inescapable truth is that the two cases regarding the same drafts are in conflict, a situation that gives rise—almost by definition—to a "serious question on appeal."

The Court may find that a Defendant has raised a "serious question on appeal" even if it continues to disagree with the agency's position. *See Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977) (a "court is not required to find that ultimate success by the movant is a mathematical probability, and indeed, [ ] may grant a stay even though its own approach may be contrary to the movant's view of the merits.").

## II.     DEFENDANT WILL SUFFER IRREPARABLE HARM IF A STAY IS DENIED.

Plaintiff does not dispute that Defendants will be irreparably harmed if this Court denies a stay and the agency is obligated to produce the Gary Letter drafts and emails. Opp. at 4-5. If the records are disclosed, Defendant's appeal would be moot. *See Ctr. for Int'l Envtl. Law v.*

*Off. of the U.S. Trade Representative*, 240 F. Supp. 2d 21, 22-23 (D.D.C. 2003) ("[D]efendants have made a strong showing of irreparable harm because disclosure of the documents in question will render any appeal moot.") (citing *Ctr. for Nat'l Sec. Studies v. Dep't of Justice*, 217 F. Supp. 2d 58, 58 (D.D.C. 2002) (granting stay of disclosure order in Freedom of Information Act ("FOIA") case pending appeal where compliance with order "would effectively moot any appeal"); *John Doe Agency v. John Doe Corp.*, 488 U.S. 1306, 1309 (1989) (Marshall, J.) ("The fact that disclosure would moot that part of the Court of Appeals' decision requiring disclosure of the *Vaughn* index would also create an irreparable injury."). Defendant is as entitled to appeal as Plaintiff would be in a FOIA case in which the agency's withholdings are upheld by this Court. *Cf.* Fed. R. Civ. P. 1; *Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2366 (2019) (the disclosure and exemption provisions of FOIA statute protect valid interests and all must be given effect).

## III.   PLAINTIFF'S GENERALIZED ALLEGATIONS OF HARM DO NOT WEIGH AGAINST A STAY PENDING APPEAL.

Plaintiff theorizes that a stay of Defendant's obligation to produce the Gary Letter drafts and emails will "harm CLC and the public."  Opp. at 5.  Plaintiff, however, fails to articulate what that harm is, much less provide any evidence to support its position.  While the 2020 Census and the recent presidential elections were matters of significant public interest, there is no evidence that the records at issue currently are of any interest to the public, particularly since the Supreme Court has vacated the agency decision that the Gary Letter addressed, *Dep't of Commerce v. New York*, 139 S. Ct. 2551 (2019), and the Presidential election is now over.  And while the now-completed 2020 Census obviously will have an impact on important electoral and

budgetary issues in the future, it cannot fairly be said that the Gary Letter drafts and emails will have any importance on those issues in the time it takes for an appeal of this Court's decision.[3]

## CONCLUSION

For the reasons set forth above and in Defendant's Opening Brief, the Court should grant this motion.

Dated:  November 23, 2020

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN, D.C. BAR #924092
Chief, Civil Division

By:      /s/ *Paul Cirino*
PAUL CIRINO
Assistant United States Attorney
Civil Division
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C.  20530
Telephone: (202) 252-2529
paul.cirino@usdoj.gov

*Counsel for Defendant*

---

[3]  In light of its inability to identify any relevant harm, Plaintiff unfairly accuses Defendant of generalized "delays" in complying with its FOIA obligations.  Opp. at 6-7.  Defendant strongly disagrees with this characterization and notes that Plaintiff has not identified any specific "delay" by the agency in responding to its FOIA request.  Declining to process documents at the accelerated rate that Plaintiff would prefer does not constitute a "delay."