UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAMPAIGN LEGAL CENTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Civil No. 18-1771 (TSC) |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's March 8, 2021 Minute Order, Plaintiff Campaign Legal Center ("CLC") and Defendant United States Department of Justice ("DOJ") hereby submit this Joint Status Report in this Freedom of Information Act ("FOIA") case.

**Background**

On February 1, 2018, CLC submitted a FOIA request to three DOJ components: the Civil Rights Division ("CRT"), the Justice Management Division ("JMD"), and the Office of the Attorney General seeking "all records pertaining to Arthur Gary's December 12, 2017 request to the Census Bureau to add a Citizenship question to the 2020 Census Questionnaire." ECF 29 at 4. CLC asked DOJ to search for "[a]ny documents to, from or mentioning Dr. Ron Jarmin or Dr. Enrique Lamas" and to search for documents containing any of the following eight search terms: "2020 Census", "long form", "citizenship question", "question regarding citizenship", "ACS", "American Community Survey", "citizen voting age population", and "CVAP." *Id.* CLC commenced this action on July 30, 2018.

On June 1, 2020, the Court partly granted and partly denied each party's cross-motion for summary judgment. ECF Nos. 29, 30. The Court, among other things, (1) concluded that the

search conducted by the CRT was inadequate; (2) found that CRT improperly withheld material under the presidential communications privilege; (3) held that Defendant improperly relied on the deliberative process privilege to withhold drafts and emails related to the Gary Letter; (4) directed Defendant to determine whether the deliberative process privilege applies to a DOJ-White House email thread; (5) found that the Office of Information Policy ("OIP") improperly relied on the attorney work product privilege to withhold draft interrogatory responses; (6) directed Defendant to provide a further declaration as to whether the deliberative process privilege applied to the draft interrogatory responses; (7) held that it lacked sufficient information to determine whether the deliberative process privilege applies to other withholdings by OIP; and (8) directed JMD to provide an additional declaration to support its reliance on the deliberative process privilege regarding a "draft response" and the "Robinson-Gary Email." ECF No. 29.

On October 7, 2020, the Court issued a Minute Order requiring DOJ to file a supplemental declaration regarding the pace of the Civil Rights Division's supplemental search and permitting CLC an opportunity to respond.  DOJ filed a supplemental declaration on October 16, 2020 (ECF 36), proposing a review pace of 300 documents per month and asserting a burden based on finite resources and obligations in other cases.  CLC filed a response on October 23, 2020 (ECF 38), asserting that a review pace of at least 1,000 documents per month, which would require only approximately five hours per week to comply, would appropriately balance DOJ's staffing concerns with the importance of CLC's requests.

On July 1, 2020, DOJ filed a notice of appeal and subsequently clarified that the appeal was solely with respect to the deliberative process privilege claim over the drafts and emails related to the Gary Letter.  DOJ filed a motion for stay of disclosure obligation pending appeal

(ECF 39), which CLL opposed (ECF 40).  The motion is fully briefed and the parties are awaiting the Court's ruling regarding the stay.

In light of recent Executive and Administrative actions, this Court issued a Minute Order on March 8, 2021, requiring the parties to meet, confer, and file a joint status report, advising the court (1) whether the current dispute has been mooted or the parties anticipate that it will be mooted; (2) whether the parties wish to stay this action for any reason, including the parties' negotiations over resolving this dispute; or (3) whether the parties agree that this litigation should continue as anticipated pursuant to the federal rules, local rules or a scheduling order.

### **Plaintiff's Position Regarding Status and Further Proceedings**

DOJ has not changed its position with respect to withholding responsive materials nor completed its search, review and production obligations pursuant to the FOIA request. Therefore, the case has not been mooted nor should it be stayed.  While the new administration is not pursuing the addition of citizenship question to the census, the documents at issue in this FOIA case continue to constitute important information that would illuminate an issue of public concern and therefore should be produced.  Accordingly, CLC requests that this litigation continue as anticipated pursuant to the federal rules, local rules, or a scheduling order.

In particular, the following issues are still pending

1. Civil Rights Division's Supplemental Search.

Defendant's proposal to review only 300 documents a month for responsiveness translates to a document reviewer spending less than 6 hours a month on the review and the review process taking over 2 years.[1]  Such a long review undermines the FOIA process and this

---

[1] In a typical review of moderate complexity, an attorney can review, on average, approximately 50 documents per hour.  *See* Barry Schwartz & Lisa Prowse, *Answering Your Questions on Document Review*, BIA (Oct. 30, 2017),

3

Court's order, particularly where the FOIA request was served over three years ago and this Court's order was issued over 10 months ago.  CLC submits that this Court should order DOJ to conduct the review at a pace of at least 1,000 documents per month, which would require only approximately five hours per week to comply and would appropriately balance DOJ's staffing concerns with the importance of CLC's requests.

2.  Defendant's Appeal of the Court's Ruling Concerning Drafts Relating to the Gary Letter.

DOJ continues to be under an obligation to produce the drafts and emails relating to the Gary Letter pursuant to this Court's June 1, 2020 Memorandum and Order.  While DOJ has filed a motion for a stay of its disclosure obligation, the court has yet to rule on the motion.  For the reasons stated in its opposition brief (ECF 40), CLC further submits that DOJ has not meet the standard required to obtain a stay and its motion should be denied.

3.  Withholding of Responsive Documents Where DOJ Has Not Carried Its Burden of Establishing Exemptions:

In its June 1, 2020 Memorandum, this Court held that it lacked sufficient information to determine whether the deliberative process privilege applies to certain withholdings by OIP and JMD and directed DOJ to provide an additional declaration to support its reliance on the deliberative process privilege.  DOJ has yet to file any supplemental declarations in support of withholding these documents and indicated that it does not intend to do so until the Civil Rights Division's supplemental review is complete and it files a renewed motion for summary judgment.  Given that the supplemental review is projected to take over 2 years, CLC respectfully requests that this Court order DOJ to provide a supplemental declaration in support

---

https://www.biaprotect.com/resources/resource/answering-your-questions-on-document-review. The review at issue is not complex and the rate of review will likely be much faster than the average rate.

of its withholding by June 7, 2021 for CLC to evaluate the appropriateness of the deliberative process privilege claims.[2]

4. <u>Further Proceedings</u>

CLC proposes that the parties file a further Joint Status Report on June 7, 2021, apprising the Court of the status of the above items and including a proposal for further proceeding. Plaintiff's Proposed Order is attached as Exhibit A.

**<u>Defendant's Position Regarding Status and Further Proceedings</u>**

With respect to the issues raised by the Court in its Minute Order of March 8, 2021, Defendant provides the following response:

1. <u>Mootness</u>.  Based on Plaintiff's response above, however, Defendant believes that the case is not moot.

2. <u>Stay of Proceedings</u>.  The parties recently agreed to a narrowing of the scope of the Civil Rights Division's supplemental search review.  However, the parties are not negotiating a resolution to their dispute, and so there is no basis to stay the case for that reason.  Defendant notes, however, that on November 2, 2020, it moved to stay its obligation to disclose the Gary Letter drafts pending a decision by the U.S. Court of Appeals for the D.C. Circuit in the pending appeals regarding that issue.  ECF No. 39.  For the reasons set forth in that motion, a stay of that disclosure obligation is warranted.

---

[2] DOJ refers below to CLC's willingness, eight months ago, to await the results of the supplemental search to propose a deadline.  But in the intervening eight months, DOJ has made little progress.  Since then, it has proposed a glacial review pace of 300 documents a month, which is approximately what a document review attorney accomplishes in a day, and would result in completion of the review more than two years from now.  CLC should not be required to wait two more years, on top of the years of delay it has already experienced, for DOJ to act.

3.      Further Proceedings.  For the reasons set forth in the Declaration of Kilian Kagle, ECF No. 36, the Court should reject Plaintiff's unreasonable demand that the Civil Rights Division review at least 1,000 *documents* per month.  There is no basis for Plaintiff's estimate above that such work would require "only approximately five hours per week.".

As the parties and the Court agreed during the October 7, 2020, status conference, it would be inefficient for the parties to engage in another round of merits briefing before the Civil Rights Division completes its processing of the supplemental search results.  At that time, the parties should meet and confer to narrow or eliminate any issues prior to the submission of a proposed briefing schedule.  If and when further briefing is necessary, Defendant will support its arguments with relevant evidence, including supplemental declarations, as the Court has allowed the agency to do.  The Court should not order Defendant to produce declarations in advance of a briefing, as Plaintiff suggests above.[3]

Defendant proposes that the parties submit a further Joint Status Report in 60 days to update the Court as to any issues relating to the Civil Rights Division's supplemental production and recommending further proceedings as appropriate.

Defendant's Proposed Order is attached as Exhibit B.

Dated:  April 7, 2021                        Respectfully submitted,

                                     __/s/ Adam Miller_____
                                     BUCKLEY LLP
                                     Adam Miller (DC Bar # 496339)
                                     Nadav Ariel (DC Bar # 1023141)

---

[3]  Plaintiff's position is contrary to the position that it previously represented to the Court.  On July 1, 2020, Plaintiff wrote: wrote:  "In order to avoid piecemeal litigation, Plaintiff intends to wait until Defendant completes its supplemental search for responsive documents to propose a deadline for Defendant to supplement its support for its claim that the deliberative process privilege applies to the draft interrogatory responses, the 'draft response,' the 'Robinson-Gary Email,' and the other withholdings that the Court concluded were not sufficiently justified." ECF No. 31 at 6-7.  The Court should adopt Plaintiff's prior position on this issue.

1250 24th Street NW, Suite 700
Washington, DC 20037
202-349-7958
amiller@buckleyfirm.com

CAMPAIGN LEGAL CENTER
Danielle M. Lang (DC Bar # 1500218)
1411 K Street NW, Suite 1400
Washington, DC 20005
202-736-2200
dlang@campaignlegalcenter.org

*Counsel for Plaintiff*

CHANNING D. PHILLIPS
D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By:     /s/ *Paul Cirino*
PAUL CIRINO, D.C. Bar #1684555
Assistant United States Attorney
Civil Division
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C.  20530
Telephone: (202) 252-2529
paul.cirino@usdoj.gov

*Counsel for Defendant*